IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff/Respondent, | |
| vs. | Criminal No. 1:20-cr-00104 |
| Michael Todd Baker, | Civil No. 1:24-cv-00095 |
| Defendant/Petitioner. | |

### ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT UNDER 28 U.S.C. SECTION 2255

[¶ 1]     THIS MATTER comes before the Court on a Motion to Vacate, Set Aside, or Correct under 28 U.S.C. § 2255 filed by the Defendant and Petitioner, Michael Todd Baker ("Baker") on May 24, 2024. Doc. No. 178. The United States filed a Response on April 30, 2025. Doc. No. 180. Baker did not reply. For the reasons set forth below, Baker's 28 U.S.C. § 2255 Motion for relief is **DENIED**.

[¶ 2]     On June 1, 2021, Baker was sentenced to 110 months of imprisonment after he pled guilty to Hobbs Act robbery and possessing an illegal short-barrel shotgun. Doc. No. 133. Baker had fourteen (14) days to appeal his sentence, which he declined to do. See Fed. R. App. P. 4(b). Instead, Baker filed this Motion to Vacate on May 24, 2024, and later filed a notice of appeal on October 22, 2024. Doc. No. 184. That appeal was dismissed as untimely. Doc. No. 186.

[¶ 3]     Dispositive here is whether the present Motion was timely filed. Prisoners serving a federal sentence can file a motion under Section 2255 with the "court which imposed the sentence to

vacate, set aside, or correct the sentence." Hill v. United States, 368 U.S. 424, 426 (1962) (quoting 28 U.S.C. § 2255(a)). There are four grounds for relief under Section 2255:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack."

Id. at 426-27 (quoting 28 U.S.C. § 2255(a)). Section 2255 provides for a one-year statute of limitations that begins running "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Relevant here, a judgment becomes final once the time to file a notice of appeal has lapsed. Taylor v. United States, 792 F.3d 865, 868 (8th Cir. 2015). This one-year statute of limitations can be tolled "under limited conditions, for example, where 'extraordinary circumstances' beyond a prisoner's control prevent the timely filing." Grassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (quoting Paige v. United States, 171 F.3d 559, 561 (8th Cir 1999)). See United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005) (finding equitable tolling principals apply to motions brought under Section 2255).

[¶ 4]  Baker's Motion is time barred under the one-year statute of limitation and is not subject to equitable tolling.  He did not file a timely notice of appeal, making his judgment final on June 15, 2021. See Doc. No. 133. See also Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2018) (noting a n unappealed judgment becomes final for Section 2255 purposes when the time to appeal has lapsed); see also Fed. R. App. P. 4(b)(1)(A) (providing a defendant fourteen days to file a notice of appeal after entry of a criminal judgment).  Baker did not file his Motion to Vacate until May 24, 2024—nearly three years after his judgment became final. Doc. No. 178. Moreover, Baker has not demonstrated that the statute of limitations should be equitably tolled in this instance because there is no record Baker diligently pursued his rights and extraordinary circumstances prevented him from timely filing the Motion. See Finch v. Miller, 491 F.3d 424, 427 (8th Cir.

2007) (explaining the prerequisites for equitable tolling to apply); see also Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002) (noting equitable tolling should be used infrequently). Accordingly, Baker's Motion is time-barred.

[¶ 5] Even if equitable tolling were available, Baker's Motion fails on the merits. His Motion specifies the ground for relief as: "Please see attached Hobbs Act Paper – Unconstitutionally Sentenced," and he has attached a two-page news article. Doc. Nos. 178, 178-1. Even though he is *pro se*, this lacks even the minimum degree of specificity required to support his claim. See Saunders v. United States, 236 F.3d 950, 953 (8th Cir. 2001) (explaining *pro se* litigants are still required to abide by a minimal standard of specificity); see also Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (stating generic or conclusory allegations by a *pro se* litigant are insufficient to support a § 2255 claim).

[¶ 6] Baker attached a news article to his Motion referencing the Fourth Circuit's 2023 decision in United States v. McKinney, which decision appears to be the basis of the relief he requests. Doc. No. 178 (underlining McKinney, 60 F.4th 188 (4th Cir. 2023) in the attached news article). In McKinney, however, the defendant was convicted of violating 18 U.S.C. § 924(c) based on a Hobbs Act conspiracy predicate. 60 F.4th at 190. Although Baker was charged with a similar offense in Count Two of the Indictment (Doc. No. 1), Baker ultimately pled guilty to Counts One (Hobbs Act Robbery) and Five (Possession of Illegal Firearm), while Count Two was dismissed at sentencing (Doc. No. 133). McKinney is, therefore, irrelevant and Baker's claim on the merits fails.

[¶ 7] Baker is also not entitled to an evidentiary hearing on this matter. A petitioner of a Section 2255 motion "'is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief' unless the motion, files, and records of the case conclusively show that the

movant is not entitled to relief." Blankenship v. United States, 159 F.3d 336, 337 (8th Cir. 1998) (quoting Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996)) (internal citation omitted). Because the Motion, files, and record of this case conclusively show Baker is not entitled to relief, he is not entitled to an evidentiary hearing.

[¶ 8]   The Court has carefully reviewed the entire record, the parties' filings, the relevant statute, and case law. For the reasons set forth above, Baker's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. Section 2255 (Doc. No. 178) is **DENIED**. The Court further **ORDERS**:

1. The Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

2. The Court finds any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

3. Based upon the entire record before the Court, dismissal of the Motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 520 (8th Cir. 1997) (finding a district court possesses the authority to issue certificates of appealability under Section 2255(c)). If the petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman.

[¶ 9]   **IT IS SO ORDERED**.

DATED July 22, 2025.

Daniel M. Traynor, District Judge
United States District Court